# UNITED STATES DISTRICT COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

Case Name: <u>Chad Cunningham, Plaintiff-Appellant v. University of New Mexico Board of Regents<i>, et al.</i>, Defendants-Appellees.</u>

Court/Agency: <u>U.S. District Court, District of New Mexico</u>

Court/Agency Docket No.:    <u>Tenth Circuit Appeal No. 11-2103;</u>
<u>USDCNM No. CIV 10-451 BB/RLP</u>

District Judge: <u>Honorable Bruce D. Black</u>

Party or Parties Filing Appeal: <u>Chad Cunningham</u>

**I.     TIMELINESS OF APPEAL OR PETITION FOR REVIEW**

   **A.     APPEAL FROM DISTRICT COURT**

   1. Date Notice of Appeal Filed: May 19, 2011

      a. Was a motion filed for an extension of time to file notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal. <u>Not applicable</u>

      b. Is the United States or an officer or an agency of the United States a party to this appeal? <u>No</u>

   2. Authority fixing time limit for filing notice of appeal:

      Fed. R. App. 4(a)(1)    <u>  X  </u>     Fed. R. App. 4(a)(4)    _____
      Fed. R. App. 4(a)(2)    _____          Fed. R. App. 4(a)(5)    _____
      Fed. R. App. 4(a)(3)    _____          Fed. R. App. 4(b)       <u>  X  </u>
      Other:

   3. Date final judgment or order to be reviewed was filed and entered on district court docket sheet: April 20, 2011 (Doc. 35)

4. Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b). Yes

   **(If the order being appealed is not final, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. §1292(a)?

   c. If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable?

5. Tolling Motions. *See* Fed. R. App. P. 4(a)(4); 4(b).

   a. Give the filing date of any motion under Fed. R. Civ. P. 50(b), 52(b), 59, 60, including any motion for reconsideration, and any motion for judgment of acquittal, for arrest of judgment or for new trial, filed in the district court: N/A

   b. Has an order been entered by the district court disposing of that motion, and, if so, when? N/A

6. Bankruptcy Appeals. (To be completed only in appeals from a judgment, order or decree of a district court in a bankruptcy case or from an order of the Bankruptcy Appellate Panel.)

   a. Are there assets of the debtor subject to administration by a district or bankruptcy court? N/A

   b. Please state the approximate amount of such assets, if known.

**B. REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the Court of Appeals.)

1. Date petition for review filed: Not applicable

    2.   Date of the order to be reviewed:

    3.   Specify the statute or other authority granting the court of appeals jurisdiction to review the order:

    4.   Specify the time limit for filing the petition (cite specific statutory section or other authority)

**C.    APPEAL OF TAX COURT DECISION**

    1.   Date notice of appeal filed:

    2.   Time limit for filing notice of appeal:

    3.   Date of entry of decision appealed:

    4.   Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when?

**II. LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S).**
If none, please so state.

There are none.

**III. GIVE A BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW.**

The Plaintiff has suffered from a reading disability since elementary school, where he suffered from severe headaches and other problems after prolonged reading. Eye examinations showed no physical problems with the Plaintiff's eyes during his early years and he learned to compensate for the difficulty in reading and the headaches. Despite the reading difficulty, the Plaintiff was a superior student in grade school, high school and college, showing high proficiency in math

and science. The Plaintiff took the Medical College Admission Test ("MCAT") and failed it on three (3) occasions because of the reading difficulties and constant headaches while taking the test, but eventually passed the test.

In 2005 the Plaintiff was accepted to and entered UNM as a medical student. In 2006, before completing his first year of medical school, the Plaintiff suffered from constant and severe headaches and dangerously high blood pressure caused by the demands of reading, and took a medical leave of absence from the school. Medical evaluation and treatment of the Plaintiff controlled his blood pressure problems and revealed that he suffered from Scoptic Sensitivity Syndrome ("SSS"), which is sometimes categorized as a form of dyslexia, a condition caused by hypersensitive photoreceptors in the eyes of the afflicted person. Persons such as the Plaintiff who are afflicted with the condition, also called "Irlen Syndrome," often have fragmented vision or diminished coherence in their vision and perception while reading, especially where the material is printed on white paper and under harsh lighting conditions or fluorescent lighting.

The Plaintiff returned to medical school in 2007, and was informed that he had to start his first year over again. When he returned to medical school in 2007, the Plaintiff requested accommodation for his disability from Defendant UNM and was refused. Accommodation for SSS can include extending the time while taking tests and providing more breaks, shorter test segments, adjustment of background

and print and screen colors, reduce or eliminate florescent lighting in the testing room, and other such adjustments. During his entire academic career the Plaintiff was able to complete assignments requiring extensive reading with difficulty but without accommodation for his disability. The Plaintiff resumed his studies, using prescribed colored glasses to assist him in reading and prescription medicines to control his blood pressure. The Plaintiff successfully completed his first two (2) years of study in 2009, although experiencing difficulty in reading and headaches, and; passed his medical school examinations and was prepared to take the United States Medical Licensing Examination ("USMLE" or "MLE"). The MLE is a three-step examination process for medical students given by Defendant NBME; Step 1 is given to students after completing two (2) years of training and the completion of remaining steps lead to a license to practice medicine. The student must successfully pass and complete all steps of the MLE to remain in school, graduate and receive a license to practice medicine in New Mexico and in most if not all, other states. In early 2009, the Plaintiff took the Step 1 MLE and on February 1, 2009, learned that he did not pass the test by a margin of a few points. The Step 1 testing was given in a small room with bright, fluorescent lighting, causing the Plaintiff to experience severe headaches and difficulty in reading or concentrating on the testing materials, which resulted in his substandard score. The Plaintiff applied for a retesting of Step 1, which was to be given in or about June of

2009, and formally requested accommodation for his disability from NBME. The Plaintiff provided Defendant NBME with several documents including a medical evaluation and diagnosis by a physician and a psychological evaluation by a clinical psychologist that described the Plaintiff's disability and the accommodation needed by him to take the Step 1 test. In May of 2009, the Plaintiff received notice by letter from Defendant NBME, dated May 20, 2009, that his request for accommodation was denied based upon NMBE's preliminary review, citing the lack of any record of a formal accommodation at any point in the Plaintiff's educational career as the reason for denying the accommodation.

The letter from NBME further noted that in order for further review of the Plaintiff's request, he must provide extensive and voluminous evidence of his disability, including records going back to elementary school, standardized test scores, contemporaneous reports from teachers, tutors or treatment providers, objective records showing the chronic course and impact of his disability, and; additional reports from employment and other sources that document his disability, and further reports from his psychologist. The Plaintiff was not able to gather the documentation required by Defendant NBME in the short time between the denial of his request for accommodation and the test date and took the test without the necessary accommodation. The Plaintiff failed the second MLE by substantially the same margin as the first test. A medical student is given only three (3) chances

to pass the MLE, and failure to pass the test the third time disqualifies the student from further enrollment in medical school.

During the time that the Plaintiff attended medical school at Defendant UNM, he notified UNM authorities of his need for accommodation and made several requests for accommodation, which were refused. The Plaintiff attempted to formally apply for an accommodation for his disability from the Disability Committee at UNM and requested its assistance in obtaining accommodation from NBME, sending the Committee his medical records and diagnosis of SSS and dyslexia. The Chairman of the Disability Committee arbitrarily refused to accept the Plaintiff's application or to assist him in gaining accommodation from NBME for the June 2009, MLE. The Dean of Students informed the Plaintiff of the rejection of his application and told him to "get over it and take the test."

A determination of disability and accommodation from Defendant UNM would have materially assisted the Plaintiff in receiving an accommodation from NBME. Under the medical school rules the Plaintiff was placed on academic leave until he passed the Step 1 requirements. Pursuant to his contract with UNM, the Plaintiff is barred from accepting employment while on academic leave and is unable to work because of the wrongful refusal to accept and consider his application for accommodation. UNM has a "six year rule" which requires a student to complete medical school within six (6) years of his or her initial year.

By letter of March 11, 2010, Defendant UNM notified the Plaintiff that he had one more attempt to pass the Step 1 examination and that the six year rule for completing the last two (2) years of his curriculum expires on October 1, 2012. The Plaintiff is unable to take the MLE because of his disability and the refusal of UNM and NBME to accommodate him.

IV.　**ISSUES RAISED ON APPEAL.**

    A.　**Whether the trial Court erred in granting Defendants' University of New Mexico Board of Regents and National Board of Medical Examiners' Motions to Dismiss in favor of the Defendants.**

V.　**ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

    A.　Was defendant sentenced under the sentencing guidelines issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)? <u>Not applicable</u>

    B.　Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed?

    C.　If the answer to question B is yes, does the defendant also challenge the judgment of conviction?

    D.　Describe the sentence imposed.

    E.　Was the sentence imposed after a plea of guilty?

    F.　Is defendant on probation or at liberty pending appeal?

    G.　If defendant was sentenced to less than one year, and was not placed on probation or is not at liberty pending appeal, does defendant move the court of appeals to expedite this appeal?

**NOTE**: In the event expedited review is requested, the defendant shall consider whether a transcript of any portion of the trial court proceedings is

necessary for the appeal. Necessary transcripts must be ordered at the time of appeal by completing and delivering the transcript order form to the clerk of the district court when a notice of appeal is filed. Defendant/appellant must refrain from ordering any unnecessary transcript as this will delay the appeal. If the court orders this appeal expedited, it will set a schedule for preparation of necessary transcripts, for designation and preparation of the record on appeal, and for filing briefs. If issues other than sentencing are raised by this appeal, the court will decide whether bifurcation is desirable.

**VI. INDICATE WHETHER ORAL ARGUMENT IS DESIRED IN THIS APPEAL.** If so, please state why.

Oral argument is desired. This appeal presents substantial issues of law, and oral argument will help clarify legal issues and facts for the Court.

**VII. ATTORNEY FILING DOCKETING STATEMENT:**

Name: <u>Santiago E., Juarez, Esq.</u>   Telephone: <u>(505) 246-8499</u>

Firm: <u>Law Office of Santiago Juarez</u>   Address:   <u>1822 Lomas Blvd. NW</u>
                                                       <u>Albuquerque, NM 87104</u>

**VIII. PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

A. ☒ Appellant
   ☐ Petitioner
   ☐ Cross-Appellant

B. **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

   ☒ Retained Attorney
   ☐ Court-appointed
   ☐ Employed by a government entity
      (please specify)
   ☐ Employed by the Office of the Federal Public Defender

_____  Date **June 2nd, 2011**
Signature: Santiago E. Juarez
☒ Attorney at Law

## CERTIFICATE OF SERVICE

I, <u>Santiago E. Juarez</u>, hereby certify that on June 2nd, 2011, I sent a copy of the foregoing Docketing Statement, with all attachments, to:

| | |
|---|---|
| Alfred Park, Esq. | Ronda R. Fisk |
| Erika E. Anderson | Shane Ham |
| Lawrence M. Marcus | Osborn Maledon, PA |
| Cadigan & Park, P.C. | 2929 North Central Avenue, |
| 3840 Masthead Street, NE | Suite 2100 |
| Albuquerque, NM  87109 | Phoenix Az. 85012 |
| | |
| | Bill Chappell, Jr. |
| | Chappell Law Firm |
| | Albuquerque Centre, Suite 150 |
| | 6001 Indian School Rd, NE |
| | Albuquerque, NM 87110 |

by way of United States First Class Mail.

_____
Santiago E. Juarez
Attorney for Plaintiffs/Appellants
1822 Lomas Blvd, NW
Albuquerque, NM 87104
santiago@santiagojuarezlaw.com
 (505) 246-8499
(505) 246-8599 (Facsimile)

<u>June 2, 2011</u>
Date signed

**Attachments:**

Docketing Sheet, USDCNM No. 10-cv-451 BB/RLP
Order Granting Defendants Motion to Dismiss (Doc 35)
Amended Notice of Appeal filed May 19, 2011 (Doc 37)

Appellate Case: 11-2103   Document: 01018651793   Date Filed: 06/02/2011   Page: 11