No. 11-2103

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

**CHAD CUNNINGHAM,**

    **Plaintiff - Appellant,**

**v.**

**UNIVERSITY OF NEW MEXICO BOARD
OF REGENTS, UNIVERSITY OF NEW MEXICO
SCHOOL OF MEDICINE and the NATIONAL
BOARD OF MEDICAL EXAMINERS,**

    **Defendants - Appellees.**

**On Appeal from the
United States District Court for the District of New Mexico
Case No. CIV 10-451 BB/RLP**

---

## APPELLEE NATIONAL BOARD OF MEDICAL EXAMINERS'
## ANSWERING BRIEF

---

Ronda R. Fisk
Shane M. Ham
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
***Counsel for Appellee National Board
of Medical Examiners***

**ORAL ARGUMENT REQUESTED**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

**TABLE OF AUTHORITIES** ................................................................5

**STATEMENT OF PRIOR AND RELATED APPEALS**.....................................8

**CERTIFICATION OF NEED FOR SEPARATE BRIEF** ................................8

**ISSUES PRESENTED** ...................................................................9

**STATEMENT OF THE CASE** .........................................................10

**STATEMENT OF FACTS** ..............................................................11

        A.    The NBME and the United States Medical Licensing
            Examination ............................................................ 11

        B.    Mr. Cunningham's Request for Testing
            Accommodations............................................... 13

        C.    Mr. Cunningham's Lawsuit Against the NBME and
            UNM.................................................................... 15

**SUMMARY OF ARGUMENT** .........................................................17

**ARGUMENT** ............................................................................ 18

    I.    The Court should affirm the district court's decision on the
        alternate ground that Mr. Cunningham's ADA and
        Rehabilitation Act claims against the NBME are not ripe for
        adjudication ........................................................... 18

        A.    Standard of Review ................................................. 18

        B.    Mr. Cunningham's claims are not ripe for adjudication
            under the applicable legal standard........................... 18

            1.    Mr. Cunningham's ADA and Rehabilitation Act
                claims are not fit for judicial decision ........................ 19

            2.    No prejudice results from withholding
                consideration ................................................. 21

C.    The district court's decision creates an unworkable rule that will flood the Tenth Circuit courts with litigation ................................................................ 24

D.    In addition to being unripe, Mr. Cunningham's Rehabilitation Act claim against the NBME also fails because the NBME does not receive federal financial assistance as required for claims under the Act ...................... 26

    1.    Mr. Cunningham uses an incorrect "state actor" standard in support of his Rehabilitation Act claim rather than the proper "federal financial assistance" standard ...................................... 27

    2.    Mr. Cunningham did not allege that the NBME receives federal financial assistance, and therefore his Rehabilitation Act claim is properly dismissed under Rule 12(b)(6) ....................... 28

II.    The dismissal of the breach of contract claim should be affirmed in deference to the district court's discretion not to exercise supplemental jurisdiction or, alternatively, because Mr. Cunningham failed to state a claim upon which relief can be granted ........................................................... 29

A.    Standards of Review ................................................ 29

B.    The district court did not abuse its discretion in declining supplemental jurisdiction and Mr. Cunningham waived any argument to the contrary .......... 30

C.    Mr. Cunningham's allegation of a contract between the NBME and UNM fails the plausibility test.............................. 31

D.    Mr. Cunningham's contract claim against the NBME is merely an attempt to receive money damages which are not permitted by the ADA.................................. 32

**STATEMENT OF REQUESTED RELIEF** ....................................... 33

**REQUEST FOR ORAL ARGUMENT** ................................................ 34

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)** ............................... 35

**CERTIFICATE OF DIGITAL SUBMISSION**.................................................. 36

**CERTIFICATE OF SERVICE**............................................................................ 37

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044
  (10th Cir. 2006) .............................................................. 30

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ................................. 29, 31, 32

*Berger v. Home Depot U.S.A., Inc.*, 476 F. Supp. 2d 1174
  (C.D. Cal. 2007) .............................................................. 33

*Bixler v. Foster*, 596 F.3d 751 (10th Cir. 2010) ......................... 29

*Boggi v. Med. Review & Accrediting Council*, 415 Fed. Appx. 411
  (3rd Cir. 2011) .............................................................. 27

*Brown v. Fed'n of State Med. Bds. of the U.S.*, No. 82-C-7398,
  1985 WL 1659 (N.D. Ill. May 31, 1985) ............................. 27

*Council Oaks Learning Campus, Inc. v. Farmington Cas. Co.*, No. 99-
  5122, 2000 WL 376623 (10th Cir. April 13, 2000) .................. 32

*Cunningham v. Univ. of N.M. Bd. of Regents*, 779 F. Supp. 2d 1273
  (D.N.M. 2011) .............................................................. 17

*Exum v. U.S. Olympic Comm.*, 389 F.3d 1130 (10th Cir. 2004) ............ 29

*Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613 (10th Cir. 1998) ...... 30, 31

*Gallagher v. Shelton*, 587 F.3d 1063 (10th Cir. 2009) ................... 29

*Garley v. Sandia Corp.*, 236 F.3d 1200 (10th Cir. 2001) ................ 29

*Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103
  (9th Cir. 1987) .............................................................. 27, 28

*Kober v. Nat'l Bd. of Med. Exam'rs*, No. 09-1772, 2010 WL 2342480
  (W.D. La. Jun. 7, 2010) .................................................. 20, 21, 26

*Lucas v. K.O.A. Residential Cmty.*, No. 2:06CV992, 2008 WL 80407
  (D. Utah Jan. 4, 2008) .................................................... 28

*Morgan v. Valley Ins. Co.*, No. CIV-07-799-D, 2009 WL 1683787
(W.D. Okla. Jun. 12, 2009)............................................................. 32

*Naimie v. Cytozyme Labs., Inc.*, 174 F.3d 1104 (10th Cir. 1999)........................... 18

*Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459 (1999).............................. 27

*Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803
(2003) ............................................................................................. 18

*New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495
(10th Cir. 1995)............................................................................... 18

*Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400 (1968) ................................... 32

*Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79 (2d Cir. 2004) ............. 13, 23, 32

*Rothberg v. Law School Admission Council*, 102 Fed. Appx. 122
(10th Cir. 2004)............................................................................... 24

*Seegmiller v. LaVerkin City*, 528 F.3d 762 (10th Cir. 2008).................................. 18

*Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320
(10th Cir. 2002)............................................................................... 24

*Texas v. United States*, 523 U.S. 296 (1998) ........................................................ 19

*Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568 (1985)................. 19, 20

*Vaughn v. Epworth Villa*, 537 F.3d 1147 (10th Cir. 2008).................................... 18

*Woodard v. Kilburn*, 118 P.2d 278 (N.M. 1941) .................................................. 31

**Statutes**

10th Cir. R. 31.3(B)................................................................................................. 8

Fed. R. App. P. 28(e)............................................................................................... 9

Fed. R. Civ. P. 8(a)............................................................................................ 31, 32

Fed. R. Civ. P. 12(b)(1)........................................................................................ 16

Fed. R. Civ. P. 12(b)(6)........................................................................ 16, 29, 31, 32

**Other Authorities**

25 U.S.C. § 794 ....................................................................................... 27

42 U.S.C. § 12188(a)(1) ......................................................................... 32

Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* .......................... passim

Rehabilitation Act, 29 U.S.C. § 720 *et seq*. .................................................... passim

## <u>STATEMENT OF PRIOR AND RELATED APPEALS</u>

There have been no prior appeals related to this litigation.

## <u>CERTIFICATION OF NEED FOR SEPARATE BRIEF</u>

Pursuant to 10th Cir. R. 31.3(B), Appellee the National Board of Medical Examiners (the "**NBME**"), after consultation with counsel for co-appellees University of New Mexico Board of Regents and the University of New Mexico School of Medicine (collectively, "**UNM**"), has determined that separate briefing is necessary for this appeal. The NBME asks the Court to affirm the district court's decision on different grounds from those advocated by UNM.

## ISSUES PRESENTED

This case concerns Mr. Cunningham's decision to have a federal court—rather than the party from whom he sought accommodations—determine whether he is entitled to his requested accommodations on the United States Medical Licensing Examination ("**USMLE**") under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("**ADA**"), and the Rehabilitation Act, 29 U.S.C. § 720 *et seq.* Mr. Cunningham sought accommodations from the NBME, but rather than respond to the NBME's request that he provide reasonable documentation regarding his need for the requested accommodations, he filed a lawsuit.

On appeal, Mr. Cunningham asks this Court to review the district court's finding that he failed to allege sufficient facts to make a *prima facie* claim of disability discrimination. [Opening Br. at 6.][1] The district court properly dismissed his ADA, Rehabilitation Act, and breach of contract claims against the NBME. Moreover, this Court has alternate grounds to affirm the district court's dismissal of these claims against the NBME, *i.e.*:

1. The district court lacks subject matter jurisdiction over the ADA
   and Rehabilitation Act claims against the NBME because the

---

[1] For consistency, all references to Mr. Cunningham's Opening Brief will cite the page numbers applied to the top of the page by the Court's ECF system. The record citations in this brief refer to the Appellant's Appendix (cited to herein as "App."), which contains the entire record on appeal. Fed. R. App. P. 28(e).

NBME never made a determination on Mr. Cunningham's request for accommodations and therefore his claims were not ripe.[2]

2. Mr. Cunningham's Rehabilitation Act claim against the NBME failed to state a claim as matter of law because the NBME does not receive federal funding.[3]

3. The district court properly declined to exercise supplemental jurisdiction over Mr. Cunningham's breach of contract claims.[4]

4. The record sufficiently demonstrated that Mr. Cunningham's breach of contract claim against the NBME failed to state a claim upon which relief could be granted.[5]

## STATEMENT OF THE CASE

Mr. Cunningham requested accommodations on Step 1 of the USMLE. [App. 162-67.]  The NBME asked him to provide reasonable documentation in support of his request so that it could determine whether he was entitled to accommodations under the ADA.  [App. 169-70.]  Mr. Cunningham ignored that

---

[2] This issue was raised at App. 77 and decided at App. 234.

[3] This issue was raised at App. 80, but the district court did not reach the question.

[4] This issue was raised at App. 59 and decided at App. 238.

[5] This issue was raised at App. 79, but the district court did not reach the question.

request, took the Step 1 examination without accommodations, and failed to achieve a passing score.  [App. 12; 142.]  He then sued the NBME and UNM, alleging, *inter alia*, that they had violated the ADA and the Rehabilitation Act and breached a so-called "contract" by allegedly "denying" him accommodations on the examination.  [App. 6-25.]  Both the NBME and UNM filed motions to dismiss Mr. Cunningham's claims.  [App. 44-69; 70-170.]

The district court dismissed Mr. Cunningham's ADA and Rehabilitation Act claims on the ground that he had failed to allege a *prima facie* case that he was disabled under the ADA.  [App. 235-36.]  The district court also dismissed the state-law contract claims, declining to exercise supplemental jurisdiction.  [App. 236-38.]  Mr. Cunningham timely filed a notice of appeal.  [App. 241.]

## STATEMENT OF FACTS

### A.  The NBME and the United States Medical Licensing Examination

The NBME is a private, not-for-profit organization whose mission is to help protect the public through state-of-the-art assessment of the knowledge and skills of prospective health professionals.  [App. 90-91.]  Together with the Federation of State Medical Boards of the United States, the NBME develops and sponsors the USMLE.  [App. 89-90.]  State medical boards rely on this standardized examination to ensure that only qualified individuals who demonstrate minimum proficiency obtain a medical license.  [*Id.*]

The USMLE includes three components or "Steps." [App. 91.] Step 1, which most medical students take while in medical school, is a computer-administered multiple-choice test that assesses whether the examinee understands and can apply important scientific concepts basic to the practice of medicine. [App. 92.] Applicants select a three-month window within which they will take the examination, and may request an extension to expand the testing window to six months.[6] [*Id.*] Within their chosen testing window, applicants select the testing date and location convenient for them. [*Id.*] The test is offered at testing centers across the nation on almost every day of the year. [*Id.*] The NBME protects the reliability and comparability of the resulting scores by standardizing the test administration conditions, such as the amount of testing and break time that examinees receive. [App. 90-92.]

The integrity of the USMLE is essential to the protection of public health. [App. 90.] Accordingly, to ensure that the licensing examination accurately and impartially tests the qualifications of aspiring physicians, the NBME developed

---

[6] Mr. Cunningham stated in his Opening Brief that he did not have time to gather additional documentation before "the June USMLE" that "was to be given in June 2009." [Opening Br. at 20.] Because the examination is delivered almost daily, year round, there is no such thing as "the June USMLE." [App. 92.] Therefore, the implication that a looming testing date gave Mr. Cunningham mere days to gather reasonable documentation is egregiously false. Moreover, Mr. Cunningham never even requested an extension to his testing window, which would have been readily available. [App. 142.]

uniform procedures that apply when someone asks to take the licensing examination with accommodations pursuant to the ADA. [App. 145-160.] An NBME brochure, "Guidelines to Request Test Accommodations," provides applicants with information about the accommodation process and guidance on the types of information an examinee may want to submit to aid the NBME in rendering a decision. [*Id.*] The NBME advises applicants to allow up to eight weeks for processing of completed applications for accommodations. [App. 114.]

As the Second Circuit explained in a similar case, the NBME's "procedures are designed to ensure that individuals with *bona fide* disabilities receive accommodations, and that those without disabilities do not receive accommodations that they are not entitled to, and which could provide them with an unfair advantage when taking the medical licensing examination." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 88-89 (2d Cir. 2004) (affirming summary judgment in favor of the NBME in an ADA discrimination claim).

### B. Mr. Cunningham's Request for Testing Accommodations

Mr. Cunningham enrolled in the University of New Mexico School of Medicine in 2005. [App. 9.] He took Step 1 of the USMLE on February 19, 2009, and failed to achieve a passing score.[7] [App. 11.] On May 13, 2009,

---

[7] Mr. Cunningham's complaint contains inaccurate testing dates, but the phrase "early 2009" accurately describes his first attempt at the test.

Mr. Cunningham registered to retake Step 1, and this time he requested testing accommodations. [App. 11; 141.]

Mr. Cunningham's request for accommodations and accompanying documentation explained that he suffered from various conditions that entitled him to accommodations under the ADA, including a light sensitivity disorder known as "Scotopic Sensitivity Syndrome" or "Irlen Syndrome," and a reading disability.[8] [App. 9.] He requested extensive testing accommodations:

> "I am requesting to take the exam over **2 days w/ additional Break time**. If available adjust screen background to blue or green (not white); Also test in room were [sic] the lighting can be controlled (ie: decrease amount of fluorescent lighting) **or Double Time**."[9]

[App. 163 (emphasis added).]

On May 20, 2009, the NBME sent Mr. Cunningham a letter asking for reasonable documentation concerning the need for the accommodations he had requested. [App. 11-12; 141-42.] The first paragraph of the letter notified him that

---

[8] It is unclear whether Mr. Cunningham claims that the reading disability is a separate disability, or if the reading disability stems from the claimed Scotopic Sensitivity Syndrome. *See* App. 9 at ¶ 16 (characterizing the "syndrome" as a form of dyslexia).

[9] Mr. Cunningham's actual request for accommodations refutes his assertion in the Opening Brief that "the extent of the accommodation needed by [Mr. Cunningham] is adequate, non-fluorescent lighting that does not produce a glare or reflection from the test papers." [Opening Br. at 20.] Moreover, as Mr. Cunningham must know from his two prior administrations of Step 1, the examination is administered via computer; no "test papers" are provided or permitted. [App. 120.]

"the information you submitted is incomplete and we are therefore unable to make an informed decision about your request at this time."  [App. 169.]  The NBME requested that Mr. Cunningham submit additional documentation, including (1) objective records of his historical vision and headache problems to document the functional impact of his disability during developmental years; (2) recent records documenting the nature of accommodations received on standardized tests (*i.e*., the SAT or MCAT) and objective records to document current functional impact such as medical school evaluations; and (3) complete results of psychoeducational tests, which he reported were administered to him days before he submitted his application.  [App. 169-170.]

To date, however, the NBME has not had the opportunity to either grant or deny Mr. Cunningham's request for accommodations:  He ignored the NBME's letter requesting additional information, and instead elected to take the Step 1 examination without accommodations on June 24, 2009.  [App. 12; 142.]  The NBME closed Mr. Cunningham's request for accommodations after he took the examination.  [App. 142.]  He did not receive a passing score on the examination. [App. 12.]

## C.  Mr. Cunningham's Lawsuit Against the NBME and UNM

After almost one year—during which time the NBME had no communications with him—Mr. Cunningham filed suit against the NBME and

UNM in the United States District Court for the District of New Mexico.[10]  The

complaint alleged that the NBME had violated the ADA and Rehabilitation Act,

and breached an alleged contract.  [App. 6-25.]  Both UNM and the NBME filed

motions to dismiss the complaint.  [App. 44-69; 70-170.]

The NBME moved to dismiss the ADA and Rehabilitation Act claims

pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because

NBME had not refused Mr. Cunningham's application for accommodations, but

rather had requested additional information, a request he ignored.  [App. 76-78.]

NBME also sought dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds

that Mr. Cunningham had failed to state a claim with plausible allegations

regarding the contract claim, and that he had impermissibly requested only money

damages for the ADA and Rehabilitation Act claims rather than the injunctive

relief authorized by statute.  [App. 78-86.]

---

[10] Mr. Cunningham asserts that "the Court may presume" that the NBME does not intend to provide reasonable accommodations because the NBME has had the "complete facts" about his disability since he filed his complaint and the NBME did not offer to provide accommodations.  [Opening Br. at 22-23.] Leaving aside the suggestion that the NBME should provide Mr. Cunningham with accommodations based on a complaint which is both unverified and demonstrably false in many places, his implication is misleading because the NBME cannot provide accommodations—or even register Mr. Cunningham to test—at this time. The NBME has been informed that Mr. Cunningham is no longer a student at UNM School of Medicine and therefore does not meet the eligibility criteria to take Step 1 of the USMLE.  [App. 201.]  Accommodations on Step 1 of the USMLE can only be offered to those applicants who are currently students at a qualifying medical school and who apply for accommodations.  [App. 91-92.]

The district court granted both motions to dismiss in a memorandum opinion[11] on the grounds advocated by UNM, *i.e.*, Mr. Cunningham had failed to assert a *prima facie* case that he was disabled under the ADA.  The district court exercised its discretion to decline supplemental jurisdiction over the state-law contract claims.

## SUMMARY OF ARGUMENT

Mr. Cunningham's ADA and Rehabilitation Act claims against the NBME are not ripe for adjudication because the NBME never denied Mr. Cunningham's request for accommodations, and might grant the accommodations if given the chance to make that decision.  In addition, the dismissal of Mr. Cunningham's Rehabilitation Act claim may also be upheld for failure to state a claim, because Mr. Cunningham failed to allege that the NBME receives federal financial assistance as required by the statute.

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Mr. Cunningham's contract claims against the NBME, and Mr. Cunningham waived any argument to the contrary by failing to address the district court's supplemental jurisdiction argument in his Opening

---

[11]    Although the district court styled the opinion as a "memorandum opinion," the opinion was subsequently published.  *See Cunningham v. Univ. of N.M. Bd. of Regents*, 779 F. Supp. 2d 1273 (D.N.M. 2011).

Brief.  The contract claim dismissal also may be upheld on the alternative ground that Mr. Cunningham failed to state a plausible claim for relief.

## **ARGUMENT**

I.  **The Court should affirm the district court's decision on the alternate ground that Mr. Cunningham's ADA and Rehabilitation Act claims against the NBME are not ripe for adjudication.**

### A.    **Standard of Review**

The Court of Appeals "may affirm on any basis supported by the record, even though not relied on by the district court."  *Vaughn v. Epworth Villa*, 537 F.3d 1147, 1150 (10th Cir. 2008) (quoting *Seegmiller v. LaVerkin City*, 528 F.3d 762, 766 (10th Cir. 2008)).  Ripeness is a question of law that is reviewed *de novo*. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995).  *De novo* review also applies to mixed questions of law and fact when the conclusion to be drawn "primarily involves application of legal principles to the facts."  *Naimie v. Cytozyme Labs., Inc.*, 174 F.3d 1104, 1111 (10th Cir. 1999).

### B.    **Mr. Cunningham's claims are not ripe for adjudication under the applicable legal standard.**

A federal court lacks subject matter jurisdiction if the matter has not ripened into a case or controversy as required by Article III, Section 2 of the United States Constitution.  *Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 807-08 (2003).  Exercising jurisdiction over only those cases which are ripe for adjudication prevents the courts "from entangling themselves in abstract

disagreements" about "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985) (internal quotations and citations omitted).  Determining whether a case is ripe for adjudication requires a two-part analysis:  (i) "the fitness of the issues for judicial decision" and (ii) "the hardship to the parties of withholding court consideration." *Texas v. United States*, 523 U.S. 296, 300-01 (1998) (internal quotations and citations omitted).  Mr. Cunningham's claims cannot pass this test.

### 1.     Mr. Cunningham's ADA and Rehabilitation Act claims are not fit for judicial decision.

Mr. Cunningham's claims are not fit for judicial decision because the NBME has not had the opportunity to make a decision on an actual request for accommodations, and thus never denied such a request.  The NBME merely notified Mr. Cunningham that "the information you submitted is incomplete and we are therefore unable to make an informed decision about your request at this time."  [App. 169.].  As noted *supra*, the sequence of events that led to this case is as follows:

> (1)     Mr. Cunningham requested accommodations for Step 1 of the USMLE.

> (2)     The NBME informed Mr. Cunningham that his request was incomplete and sought additional information; and

19

(3)    Mr. Cunningham ignored that request for further information, took the Step 1 examination without accommodations, and then filed this lawsuit when he did not achieve a passing score.

At no point did the NBME make a final determination regarding Mr. Cunningham's request for test accommodations.  If Mr. Cunningham had responded to the request for further information—even with only the information he had readily at hand, such as the results of psychoeducational tests administered days before his application was submitted—the NBME might have granted his request for accommodations.  Adjudicating this case would therefore entangle the district court in claims that depend on "contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Thomas*, 473 U.S. at 581 (internal quotations and citations omitted).

In a nearly identical case in the Western District of Louisiana, a medical student brought suit against the NBME for failing to provide the accommodations he sought.  *Kober v. Nat'l Bd. of Med. Exam'rs*, No. 09-1772, 2010 WL 2342480 (W.D. La. Jun. 7, 2010).  Like Mr. Cunningham, Kober had failed to provide the documentation the NBME requested to evaluate his accommodation request.  The court dismissed the claim for lack of ripeness, holding that plaintiff's claim "turns on hypothetical, contingent events, since the NBME has not denied his request for special testing accommodations."  *Id.* at *2.  The court noted that "[l]ogic would

compel the conclusion that a suit based upon the denial of a request for special testing accommodations becomes actionable upon the denial of the request. However, Kober's claim is unripe for adjudication because a denial has not yet occurred." *Id.*[12]

The same is true in this case:  Mr. Cunningham's claims are unripe for adjudication because a denial has not yet occurred.  Mr. Cunningham's entire argument to this Court rests on hypothetical events.  He asserts that "it is entirely safe to say that a further request would also be rejected" and that "the Court may presume that [the NBME] does not intend" to grant the requested accommodations. [Opening Br. at 22; 23.]  But it is this kind of guessing and presuming that federal courts are forbidden to engage in by the Article III case or controversy requirement.  Mr. Cunningham has no dispute that the courts can adjudicate unless and until the NBME denies his request for accommodations.

### 2.    No prejudice results from withholding consideration.

Mr. Cunningham claims that he will be prejudiced in two ways if this Court holds that the claims against the NBME are unripe.  Neither withstands scrutiny.

---

[12] Mr. Cunningham attempts to distinguish *Kober* from his own case by asserting that additional documentation was available in the *Kober* case but that in this case NBME "has all of the documentation that relates to [Mr. Cunningham's] disability."  [Opening Br. at 22.]  This assertion is utterly false.  The NBME requested several recent documents, such as recent test scores, grades, and employment evaluations.  *See* discussion *supra* at 15, 20.  There is no relevant distinction between *Kober* and this case.

Any injunction against the NBME regarding testing accommodations is pointless unless Mr. Cunningham is enrolled in medical school and otherwise eligible to take the Step 1 examination.  [App. 91-92.]  Thus, he can suffer no possible prejudice from delaying his claims against the NBME until he first prevails in his claims against UNM or otherwise meets USMLE eligibility requirements.

Mr. Cunningham first asserts that because he cannot pass Step 1 of the USMLE, he "is presently unable to continue in medical school and is [in] danger of being disqualified because of the UNM School of Medicine rule" requiring graduation within six years of enrollment.  [Opening Br. at 23.]  This is not a reason to permit the claims against the NBME to go forward at this time.  The six-year graduation rule and enrollment decisions are exclusively within the power of UNM.  [App. 13, 35.]  Thus, an injunction requiring the NBME to provide testing accommodations would not result in Mr. Cunningham being permitted to take Step 1 until he is enrolled in medical school and is otherwise eligible.

Mr. Cunningham also claims that he may fail Step 1 of the USMLE a third time if he takes it without an injunction granting accommodations, thus permanently disqualifying him from medical school.[13]  However, he need not take the examination for the third time before filing a ripe lawsuit.  Nothing prevents

---

[13] Presumably the three-attempt limit on taking the Step 1 examination is established and imposed by UNM; it is not a rule of the USMLE program or of all medical schools.

him from filing a ripe lawsuit against the NBME *if and when* he returns to school, registers for the exam, requests accommodations, and is actually denied accommodations by the NBME. Moreover, if he applies for accommodations and provides reasonable documentation, a lawsuit may not be necessary because his requested accommodations may be granted. The process of re-registering for the Step 1 examination and providing reasonable documentation in support of his request for accommodations would create *less* of a hardship for Mr. Cunningham than pursuing this litigation.

Furthermore, the Court should not be persuaded by any claim that Mr. Cunningham would be prejudiced by an alleged delay in collecting any money damages for failure to graduate on time. Private plaintiffs suing under Title III of the ADA are not entitled to damages, and may only request injunctive relief. *Powell*, 364 F.3d at 86.[14]

Mr. Cunningham makes no credible claim that he will suffer prejudice if he waits until the NBME actually denies him accommodations to file a claim under the ADA or Rehabilitation Act.

---

[14] To the extent that Mr. Cunningham asserts that the breach of contract claims should survive so he may seek money damages against the NBME for causing him to be disqualified from medical school, the United States District Court is not the proper venue for such a claim. As the district court correctly noted, Mr. Cunningham's contract claims "could only arise, if at all, from state law." [App. 238.]

**C.    The district court's decision creates an unworkable rule that will flood the Tenth Circuit courts with litigation.**

The district court's decision has created an unworkable rule with broad-reaching implications for testing organizations covered by Title III of the ADA. The court found that Mr. Cunningham's discrimination claims were ripe for adjudication, "***whether or not Defendant NBME denied Plaintiff's original request***." [App. 234 (emphasis added).]  The district court did not make a factual determination about the ripeness of Mr. Cunningham's claims.[15]  Instead, the court implicitly ruled that there is a live issue ripe for adjudication any time a testing organization asks an applicant to provide additional documentation about the need for requested accommodations.

This rule is unworkable for several reasons.  First, it fails to acknowledge the unique nature of accommodations for standardized tests as compared to ADA accommodations in other settings.  As Judge McConnell noted in his concurring opinion in *Rothberg v. Law School Admission Council*, when administering a

---

[15] The district court noted that "Plaintiff explicitly alleges in his complaint that Defendant NBME denied his request for accommodation."  [App. 234.]  To the extent that the court relied on that allegation, the court was in error.  In a factual challenge to subject matter jurisdiction under Rule 12(b)(1), "a district court may not presume the truthfulness of the complaint's factual allegations." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002) (internal quotations and citations omitted).  Mr. Cunningham submitted no declarations or other evidence to support his assertion, whereas the NBME submitted voluminous evidence to demonstrate that no final determination had been made.

standardized test "it is imperative that standards for accommodations be uniform and fairly administered."  102 Fed. Appx. 122, 127 (10th Cir. 2004) (McConnell, J., concurring).    To ensure that accommodations are uniform and fairly administered without compromising the integrity and value of standardized examinations, a testing organization must have the ability to seek information regarding the need for accommodations if the applicant failed to provide the information in the initial request.

Second, the district court's implied rule gives tremendous leverage to individuals who *may not* be entitled to accommodations under the ADA.  No matter how deficient an applicant's documentation in support of a request for accommodations might be, a testing organization would face the risk of expensive litigation by merely asking the applicant to comply with established guidelines for accommodation requests.    Ultimately, the district court's opinion creates a Hobson's choice for testing organizations:    Either grant a request for accommodations immediately regardless of the adequacy of the supporting documentation, or hire attorneys and prepare for a lengthy and costly court battle. Particularly for organizations like the NBME, where the testing duties carry serious responsibility for public health and safety [App. 90], such a rule will inevitably lead to costly litigation by applicants seeking to game the system, and an increased burden on the courts in the Tenth Circuit.

The better rule is the one followed by the district court in *Kober*:  Applicants who request accommodations must first give the testing organization an opportunity to make a final determination before filing a lawsuit for injunctive relief under the ADA and Rehabilitation Act.  *Kober*, 2010 WL 2342480 at *2. Mr. Cunningham should not be allowed to ignore a request for additional documentation and then ask the federal courts to determine whether he is entitled to accommodations when the NBME was never given the opportunity to make a determination.  Yet this is precisely what he and all future applicants may do under the rule the district court adopted in its published opinion.  Such a rule must be rejected.

> **D.     In addition to being unripe, Mr. Cunningham's Rehabilitation Act claim against the NBME also fails because the NBME does not receive federal financial assistance as required for claims under the Act.**

The NBME moved to dismiss Mr. Cunningham's Rehabilitation Act claim because the Complaint fails to allege that the NBME received federal financial assistance, as required by the Rehabilitation Act.  Although the district court did not explicitly decide the question of the NBME's potential liability under the Rehabilitation Act, Mr. Cunningham's Opening Brief states that the "NBME is a state actor and may have liability under the Rehabilitation Act."  [Opening Br. at 24.]  This statement is inaccurate for two reasons.

**1.    Mr. Cunningham uses an incorrect "state actor" standard in support of his Rehabilitation Act claim rather than the proper "federal financial assistance" standard.**

To state a cause of action under the Rehabilitation Act, the plaintiff must allege, *inter alia*, discrimination by "a 'program or activity' receiving federal financial assistance." *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1112 (9th Cir. 1987) (citing 25 U.S.C. § 794); *see also Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 466 (1999) (affirming motion to dismiss Title IX claim, which has an identical requirement for "Federal financial assistance," because plaintiff failed to allege that defendant directly received federal funds). Mr. Cunningham does not address this standard in his Opening Brief, nor did he address it before the district court. [App. 209.]

Instead, Mr. Cunningham supports his Rehabilitation Act claim with cases examining whether, as he phrases it, "[the NBME] has 'acted together with' the medical school in a manner that makes it a state actor subject to an action under § 1983." [Opening Br. at 25-26.] This is not the proper standard for a Rehabilitation Act claim. Moreover, Mr. Cunningham's Section 1983 claim is only against UNM, *not* the NBME.[16] [App. 14; 21-24.] By citing to the wrong

---

[16] Even if Mr. Cunningham had asserted a Section 1983 claim against NBME, the only courts to address the question have held that the NBME is not a state actor for purposes of a Section 1983 claim. *Boggi v. Med. Review & Accrediting Council*, 415 Fed. Appx. 411, 414 (3rd Cir. 2011); *Brown v. Fed'n of*

statute and applying the wrong standard, Mr. Cunningham has failed to properly

brief the argument, and his claim under the Rehabilitation Act may be treated as

waived. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998)

(arguments inadequately briefed in the opening brief are waived).

> **2.** **Mr. Cunningham did not allege that the NBME receives federal financial assistance, and therefore his Rehabilitation Act claim is properly dismissed under Rule 12(b)(6).**

Mr. Cunningham's Rehabilitation Act claim cannot survive a motion to

dismiss because the complaint fails to allege that the NBME receives federal

financial assistance, as required by the Rehabilitation Act. *Zolin*, 812 F.2d at 1112.

It is not sufficient to allege, as does Mr. Cunningham's complaint, that the program

is "under color of the laws of the State of New Mexico." [App. 7.] The plaintiff

must "identify specifically the program or activity at issue when legal obligations,

like those imposed by section 504, turn on the existence of federal funding." *Zolin*,

812 F.2d at 1112; *see also Lucas v. K.O.A. Residential Cmty.*, No. 2:06CV992,

2008 WL 80407, at \*3 (D. Utah Jan. 4, 2008) (motion for summary judgment

granted when plaintiff failed to identify program receiving federal financial

assistance). The NBME is a private not-for-profit organization, not affiliated with

any governmental agency. [App. 89-90.] Mr. Cunningham fails to identify any

NBME program or activity that receives federal financial assistance as is required

---

*State Med. Bds. of the U.S.*, No. 82-C-7398, 1985 WL 1659, at \*5 (N.D. Ill. May
31, 1985).

for a claim under the Rehabilitation Act because there is no such program or activity.

For these reasons, even if the Rehabilitation Act claim against the NBME is not held to be unripe, the district court's dismissal must still be affirmed.

## II.    The dismissal of the breach of contract claim should be affirmed in deference to the district court's discretion not to exercise supplemental jurisdiction or, alternatively, because Mr. Cunningham failed to state a claim upon which relief can be granted.

### A.    Standards of Review

A district court's decision to decline supplemental jurisdiction is reviewed for abuse of discretion. *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1139 (10th Cir. 2004). The decision to dismiss a complaint pursuant to Rule 12(b)(6) is reviewed *de novo*. *Garley v. Sandia Corp.*, 236 F.3d 1200, 1206 (10th Cir. 2001). When deciding a motion to dismiss under Rule 12(b)(6), courts "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Unlike facts, legal conclusions are not presumed to be true when considering a motion to dismiss under Rule 12(b)(6). *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010).

**B.    The district court did not abuse its discretion in declining supplemental jurisdiction, and Mr. Cunningham waived any argument to the contrary.**

The district court correctly held that Mr. Cunningham's breach of contract claims "could only arise, if at all, from state law." [App. 238.] Having determined that Mr. Cunningham's federal law claims should be dismissed, the district court properly exercised its discretion to dismiss the contract claims. [*Id.*] If the Court affirms the dismissal of the ADA and Rehabilitation Act claims on the alternative grounds that the claims are not ripe, the Court must affirm the dismissal of the contract claim against the NBME:  A federal court cannot exercise supplemental jurisdiction over state law claims if it does not have subject matter jurisdiction over the federal law claims.  *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1049 n.6 (10th Cir. 2006).

Moreover, Mr. Cunningham waived the state law argument because his Opening Brief fails to address the issue of supplemental jurisdiction.  [Opening Br. at 26-28.]  Rather than "setting forth in [his] appellate brief [his] quarrel with the district court's reasoning" on why exercising supplemental jurisdiction is not appropriate in this case, Mr. Cunningham merely "adopt[s] the materials [he] filed in the district court."  *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623 (10th Cir. 1998).   Because Mr. Cunningham simply parroted his brief below

instead of engaging with the district court's decision, his argument against the contract claim dismissal is waived. *Id.* at 623-24.

### C. Mr. Cunningham's allegation of a contract between the NBME and UNM fails the plausibility test.

Mr. Cunningham makes only conclusory allegations in his complaint [App. 23] and in his Opening Brief [Opening Br. at 27] that the NBME and UNM have a contract to provide testing services of which he is a third-party beneficiary. Dismissal of the contract claim may therefore be upheld on the alternative ground that Mr. Cunningham has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a); 12(b)(6).

As a threshold matter, the existence of a contract is not a fact, but a legal conclusion. *See Woodard v. Kilburn*, 118 P.2d 278, 278-79 (N.M. 1941). Mr. Cunningham failed to plead sufficient facts to allow the district court or the defendants to identify the alleged contract or its terms. As such, his assertions about the alleged contract are not entitled to a presumption of truth in the context of a motion to dismiss pursuant to Rule 12(b)(6). *Iqbal*, 129 S. Ct. at 1949-50.

In point of fact, there is no such contract. The USMLE is not administered pursuant to agreements between the NBME and medical schools. Rather, the NBME and the Federation of State Medical Boards of the United States, Inc. jointly sponsor the USMLE and provide for its administration to medical students and graduates who apply and pay a fee to take the examination. [App. 89.] Even

Mr. Cunningham acknowledges that the contract is merely theoretical, stating that he is "an intended beneficiary or constructive party to *any* agreement between Defendants NBME and UNM to provide USMLE testing."  [App. 23 (emphasis added).]  This is not enough to survive a challenge under Rule 12(b)(6) because "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 129 S. Ct. at 1950.

### D.    Mr. Cunningham's contract claim against the NBME is merely an attempt to receive money damages which are not permitted by the ADA.

Mr. Cunningham's breach of contract claim is nothing more than an improper effort to execute an end-run around the ADA's prohibition against money damages for private parties.  The ADA allows a disabled individual to bring a cause of action against a private entity that is alleged to discriminate in offering services, but the statute explicitly limits the individual's remedies to injunctive relief.  *Powell*, 364 F.3d at 86 (citing 42 U.S.C. § 12188(a)(1) and *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968)).

"[T]he Tenth Circuit has rejected the argument that, because existing law is part of every contract, a violation of [a statute] may be asserted under a contractual theory."  *Morgan v. Valley Ins. Co.*, No. CIV-07-799-D, 2009 WL 1683787, at *1 (W.D. Okla. Jun. 12, 2009) (citing *Council Oaks Learning Campus, Inc. v. Farmington Cas. Co.*, No. 99-5122, 2000 WL 376623, at *3-4 (10th Cir. April 13,

2000)).  The rationale for rejecting Mr. Cunningham's bizarre argument was well stated by a district court in California:  "Plaintiff's novel theory would create a new breach of contract claim in all circumstances where a statute was allegedly violated.  Plaintiff's claim would thus significantly change the core principles of contract law.  This expansion of liability is not and should not be part of our jurisprudence."  *Berger v. Home Depot U.S.A., Inc.*, 476 F. Supp. 2d 1174, 1176-77 (C.D. Cal. 2007).

The NBME informs test-takers that the NBME provides reasonable and appropriate accommodations in accordance with the ADA.  [App. 114; 149.]  But informing Mr. Cunningham that the NBME follows a federal law does not give rise to a separate breach of contract action, even assuming the NBME had not complied with the ADA.  Mr. Cunningham cannot seek an ADA remedy forbidden by Congress simply by disguising his request for money damages as a state-law contract claim.

For these reasons, Mr. Cunningham's contract claim against the NBME should be dismissed along with his ADA and Rehabilitation Act claims.

## STATEMENT OF REQUESTED RELIEF

Although the district court properly dismissed all claims against the NBME, the court erroneously held that Mr. Cunningham's ADA and Rehabilitation Act claims were ripe for adjudication.  The NBME respectfully requests that the Court

33

vacate that portion of the district court's decision and affirm the dismissal of the ADA and Rehabilitation Act claims for lack of subject matter jurisdiction. The NBME further requests that the Court affirm the dismissal of the breach of contract claim against the NBME either by deferring to the district court's discretion, by holding that Mr. Cunningham has waived the issue, or by holding that he failed to state a plausible claim upon which relief can be granted.

<u>**REQUEST FOR ORAL ARGUMENT**</u>

NBME believes that oral argument may assist the Court in deciding the issues in this appeal, and therefore respectfully requests oral argument.

RESPECTFULLY SUBMITTED this 29th day of February, 2012.

OSBORN MALEDON, P.A.

By  <u>s/    Ronda R. Fisk                      </u>
Ronda R. Fisk (<u>rfisk@omlaw.com</u>)
Shane M. Ham (<u>sham@omlaw.com</u>)
2929 North Central Avenue, Suite 2100
Phoenix, Arizona  85012
(602) 640-9363
(602) 640-6063 - FAX
*Attorneys for the National Board of Medical Examiners*

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(A)</u>

I hereby certify that the foregoing Appellee's Answering Brief complies with Federal Rule of Appellate Procedure 32(a)(7)(B) and (C) in that this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 pt. and the word count is 6,183 per the word count utility.

OSBORN MALEDON, P.A.

By  s/    Ronda R. Fisk
     Ronda R. Fisk (rfisk@omlaw.com)
     Shane M. Ham (sham@omlaw.com)
     2929 North Central Avenue, Suite 2100
     Phoenix, Arizona  85012
     (602) 640-9363
     (602) 640-6063 - FAX
     *Attorneys for the National Board of*
     *Medical Examiners*

## <u>CERTIFICATE OF DIGITAL SUBMISSION</u>

I hereby certify that with respect to the foregoing:

(1)    All required privacy redactions have been made per 10th Cir. R. 25.5;

(2)    If required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3)    The digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Trend Micro Office Scan, and according to the program are free of viruses.

OSBORN MALEDON, P.A.

By   s/     Ronda R. Fisk
Ronda R. Fisk (rfisk@omlaw.com)
Shane M. Ham (sham@omlaw.com)
2929 North Central Avenue, Suite 2100
Phoenix, Arizona  85012
(602) 640-9363
(602) 640-6063 - FAX
*Attorneys for the National Board of Medical Examiners*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of February, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth District by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system to:

Alfred Alexander Park, of Park & Anderson, L.L.C.

Lawrence M. Marcus of Park & Anderson, L.L.C.

Santiago Juarez

s/ Kelly Dourlein