No. 11-2103

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

CHAD CUNNINGHAM,

    Plaintiff-Appellant,

vs.

UNIVERSITY OF NEW MEXICO
BOARD OF REGENTS and
NATIONAL BOARD OF MEDICAL
EXAMINERS;

    Defendants-Appellees.

District of New Mexico
No. CIV 10-0451 BB/RLP

DIRECT APPEAL FROM A
JUDGMENT OF THE UNITED STATES DISTRICT COURT

APPELLANT'S REPLY BRIEF
(<u>Oral Argument is Requested</u>)

Presented to the Court March 26, 2012

Santiago E. Juárez
Attorney for Appellant, Chad Cunningham
1822 Lomas Boulevard, NW
Albuquerque, NM 87104

(505) 246-8499
(505) 246-8599 (Facsimile)

## **TABLE OF CONTENTS**

**SUMMARY OF APPELLANT'S REPLY** ........................................................1

**ARGUMENT**..................................................................................................1

    1. The Plaintiff states a claim for injunctive relief that is not barred by the Eleventh Amendment as Against the Board of Regents of the University of New Mexico.......................................................................................................1

    2.   Appellant States a Claim for Relief under 42 U.S.C. §1983 .......................3

    3. The Trial Court Had Jurisdiction Over the Appellant's Contract Claims.4

    4.  Mr. Cunningham stated a claim against Appellee National Board of Medical Examiners and his claim was ripe for adjudication ..........................4

    5.  Appellant Raised Justiciable Claims of Disability Non-Accommodation ..5

    6.  The Trial Court Had Jurisdiction Over the Appellant's Contract Claims6

**CONCLUSION**................................................................................................7

**CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(A)(7)(B) AND (C)** ............................................8

**ATTORNEY'S CERTIFICATE OF MAILING AND ELECTRONIC FILING**...............................................................................................................9

## TABLE OF AUTHORITIES

**CASES**

Briscoe v. Fred's Dollar Store, 24 F.3d 1026 (8th Cir. 1994)...................................2

Edelman v. Jordan, 415 U.S. 651 (1974) ...........................................................2, 4

Ex parte Young, 209 U.S. 123 (1908) ................................................................2, 4

Lapides v. University System of Georgia, 535 U.S. 613 (2002) ..............................3

Muscogee (Creek) Nation v. Oklahoma Tax Com'n, 611 F.3d 1222 (10th Cir. 2010)................................................................................................................2, 4

Tennessee v. Lane, 541 U.S. 509 (2004) ..................................................................3

Will v. Michigan Department of State Police, 491 U.S. 58 (1989)...........................3

**STATUTES**

28 U.S.C. § 1367 ...................................................................................................4, 6

42 U.S.C. § 12132 .......................................................................................................2

42 U.S.C. § 12202 .......................................................................................................3

New Mexico Tort Claims Act, N.M.S.A. 1978 § 41-4-1, et seq. ..............................3

**RULES**

F.R. Civ.P. 12(b)(6) ....................................................................................................1

F.R.Civ. P. 12(b)(1) ....................................................................................................1

# SUMMARY OF APPELLANT'S REPLY

The district court erred in granting the defendants' motions to dismiss. At this juncture, it cannot be said that Plaintiff/Appellant failed to make a sufficient showing to defeat a motion brought pursuant to F.R.Civ. P. 12(b)(1) and 12(b)(6). Plaintiff/Appellant's clearly falls within the definition of a disability.

Based upon these reasons, the Court should reverse the district court's decision and remand to the trial court for further proceedings.

# ARGUMENT

## 1. The Plaintiff states a claim for injunctive relief that is not barred by the Eleventh Amendment as Against the Board of Regents of the University of New Mexico

The Plaintiff adequately requests relief other than money damages from Defendant Board of Regents of the University of New Mexico. The Board of Regents is comprised of individuals who are subject to the personal jurisdiction of the federal courts for purposes of injunctive relief. Defendant Board of Regents does not present convincing precedent to support its argument that the governing individuals are synonymous with the institutional entity that is an "arm of the state." The Plaintiff has presented a clear and concise continuum of the events leading to the claims, and has requested the Defendant be ordered to provide accommodation during testing. *See* Amended Complaint, prayer for relief, ¶¶ b

and g.  A court may exercise its discretion to fashion injunctive relief to remedy the effects of discrimination.  *Briscoe v. Fred's Dollar Store*, 24 F.3d 1026, 1028 (8th Cir. 1994).

Moreover, as pointed out in the Appellant's Opening Brief, the Eleventh Amendment does not bar a claim for prospective relief against a state or state officials in their official capacities where the relief does not directly involve money damages.  *Ex parte Young*, 209 U.S. 123 (1908); *Edelman v. Jordan,* 415 U.S. 651 (1974); *Muscogee (Creek) Nation v. Oklahoma Tax Com'n*, 611 F.3d 1222, 1227 (10th Cir. 2010).  Insofar as the Plaintiff's Complaint requests prospective relief it is not barred by the Eleventh Amendment.

The Plaintiff's claims under the Americans with Disabilities Act ("ADA") are similarly not barred by the Eleventh Amendment.  Although Defendant/Appellee UNM presented an interesting argument that Title II of the ADA should not apply in this case because of the state's immunity under the Eleventh Amendment, the fact is that the Supreme Court has decreed that Title II does apply to state governments.  Title II, 42 U.S.C. § 12132, states:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation or denied the benefits of the services, programs or activities of a public entity,

In *Tennessee v. Lane*, 541 U.S. 509 (2004), the Supreme Court closely examined the conditions that compelled congress to enact the ADA and Title II.  The analysis

included such matters as an examination of the legislative history of Title II, and the materials relied upon in enacting the legislation. *Lane* at 511. The Court then considered the statute itself in light of the Eleventh Amendment immunity alleged by the Defendant herein, finding that Title II specifically abrogated the immunity of a state in relation to the federal legislation. *Id.* at 517-18. 42 U.S.C. § 12202 states:

> A State ***shall not*** be immune under the Eleventh Amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter. (Emphasis added.)

As pointed out in the Appellant's Opening Brief, the district court cases from other jurisdictions cited by the Defendant do not change the fact that the Eleventh Amendment does not provide a basis for dismissal of the present action for lack of jurisdiction.

## 2.   Appellant States a Claim for Relief under 42 U.S.C. §1983

A state (including a state official sued in an official capacity) is not a "person" for the purpose of 42 U.S.C. §1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Damages from a state treasury are not available from an action under 42 U.S.C. § 1983. *See, e.g., Lapides v. University System of Georgia*, 535 U.S. 613, 617–18 (2002). Where a state has not waived immunity, claims for money damages are barred by the Eleventh Amendment. 42 U.S.C. § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will* at 66. New Mexico has not waived immunity for deprivation of rights claims. *See e.g.*, New Mexico Tort Claims Act, N.M.S.A. 1978 § 41-4-1, et seq. However the Eleventh

Amendment does not bar a claim for prospective relief against a state or state officials in their official capacities where the relief does not directly involve money damages. *Ex parte Young*, 209 U.S. 123 (1908); *Edelman v. Jordan,* 415 U.S. 651 (1974); *Muscogee (Creek) Nation v. Oklahoma Tax Com'n*, 611 F.3d 1222, 1227 (10th Cir. 2010). Insofar as the Plaintiff's Complaint requests prospective relief it is cognizable under 42 U.S.C. §1983, and, as previously demonstrated herein, is not barred by the Eleventh Amendment.

### 3. The Trial Court Had Jurisdiction Over the Appellant's Contract Claims

The United States federal courts have jurisdiction to hear additional claims substantially related to the original claim even though the court would lack the subject-matter jurisdiction to hear the additional claims independently. 28 U.S.C. § 1367. The legislature of New Mexico has waived sovereign immunity from actions on written contracts. N.M.S.A. 1978 § 37-1-23(A). The existence of a written contract between the Plaintiff and UNM is stated in the Amended Complaint, and is inherent in the rules of the Medical School that define the obligations of students such as the Plaintiff and the obligations of the University. Whether or not the contract is sufficient to maintain a claim for breach is beyond the scope of the limited review of evidence permitted by Rule 12(b)(1). *See Holt*.

### 4.  Mr. Cunningham stated a claim against Appellee National Board of Medical Examiners and his claim was ripe for adjudication

Appellee National Board of Medical Examiners seems to take great umbrage at the District Court's decision finding that "***whether or not Defendant NBME denied Plaintiff's original request***." [NBME's Response Brief at p.24, citing District Court's Memorandum Opinion and Order, App. 234 (emphasis added).] But the District Court did not err in this regard. As the District Court found, Mr. Cunningham explicitly alleges in his complaint that Defendant/Appellee NBME denied his request for an accommodation. Memorandum Opinion and Order, Aplt. App. at 234, citing Am. Compl., ¶ 30. Plaintiff also alleges that Defendant NBME has violated the ADA and Rehabilitation Act by "imposing unreasonable and burdensome conditions on the Plaintiff's application for accommodation." *Id*., ¶ 30. Defendant NBME admits that it requested additional information from Plaintiff after reviewing the initial request. Def. NBME's Mot. to Dismiss, p. 5. Thus, whether or not Defendant NBME denied Plaintiff's original request, Plaintiff's discrimination claims are still ripe for adjudication, because the issue of imposing an undue burden on the accommodation process creates a live issue. Moreover, Appellee NBME filed no cross appeal or opening brief in this matter, and should not be heard to argue its position now as if it were an appellant here.

### 5. Appellant Raised Justiciable Claims of Disability Non-Accommodation

Both Appellees argue that Mr. Cunningham's condition does not rise to the level of a "disability" cognizable under the Americans with Disabilities Act.

However, as pointed out in the Opening Brief, amendments to the Americans with Disabilities Act (ADA) (42 U.S.C. §12101) were signed into law on September 25, 2008 and took effect on January 1, 2009. They clarify who is covered by the laws civil rights protections, and revise the definition of disability to more broadly encompass impairments which substantially limit a major life activity.

The 2008 Amendments broaden the coverage of the ADA by overturning recent U.S. Supreme Court decisions which made it more difficult to establish an individual was disabled. Under the 2008 Amendments, Congress included many more individuals through an expanded definition of disability. "Disability" is to be construed "in favor of broad coverage of individuals... to the maximum extent permitted by the terms of the ADA." Substantially limits (recall a "disability" requires a substantial limitation of a major life activity) is to be interpreted broadly and expansively in favor of the individual. Mr. Cunningham's disabling condition clearly falls within this broad and expansive definition.

## 6. The Trial Court Had Jurisdiction Over the Appellant's Contract Claims

The United States federal courts have jurisdiction to hear additional claims substantially related to the original claim even though the court would lack the subject-matter jurisdiction to hear the additional claims independently. 28 U.S.C. § 1367. The legislature of New Mexico has waived sovereign immunity from actions on written

contracts. N.M.S.A. 1978 § 37-1-23(A). The existence of a written contract between the Plaintiff and UNM is stated in the Amended Complaint, and is inherent in the rules of the Medical School that define the obligations of students such as the Plaintiff and the obligations of the University. Whether or not the contract is sufficient to maintain a claim for breach is beyond the scope of the limited review of evidence permitted by Rule 12(b)(1). *See Holt*.

## CONCLUSION

For all of the reasons stated herein and in the Plaintiff's Opening Brief, the trial Court erred in dismissing the case below. This case should be remanded with instructions to the district court to allow it to proceed on the trial docket.

Respectfully Submitted,

**(Electronically Filed)**

_____
Santiago E. Juárez
Attorney for Petitioner/Appellant
1822 Lomas Boulevard, NW
Albuquerque, NM  87104
(505) 246-8499
(505) 246-8599 (Facsimile)

# CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a)(7)(B) and (C)

I hereby certify that the foregoing Appellant's Reply Brief complies with Federal Rule of Appellate Procedure 32(a)(7)(B)(i) in that the "Word Count" utility provided with Microsoft Word, the word processing software utilized in the preparation of this document, indicates a total word count of **2,794,** including footnotes, which is less than the 7,000 words permitted pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B)(i). This certificate is submitted in compliance with Federal Rule of Appellate Procedure 32(a)(7)(C).

***(Electronically Filed)***
Santiago E. Juárez
Attorney for Appellant

## ATTORNEY'S CERTIFICATE OF MAILING AND ELECTRONIC FILING

**I HEREBY CERTIFY** that a true and correct copy of Appellant's Reply Brief was mailed to opposing counsel on the 26th day of September, 2012, via United States Postal Service First Class Mail. Undersigned further certifies that (1) there are no redactions that needed to be made to this brief; (2) that all attachments to this brief have been scanned and are being submitted together with this brief; (3) that this digital submission, and all accompanying attachments have been scanned with the latest version of Symantec Anti-Virus program; and (4) that this digital submission was sent via electronic mail both to the Clerk of the Court of Appeals and to opposing counsel of record on March 26th, 2012.

**(Electronically Filed)**
_____
Santiago E. Juárez